UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ALPHEA MARECIA HALILOVIC, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOUTHWESTERN BELL TELEPHONE ) <br> COMPANY, erroneously named as "AT&T ) <br> and AT&T SERVICES, Inc." ) <br> ) <br>     Defendants. ) | Case No. 4:12-cv-00978-AGF |

**DEFENDANT SOUTHWESTERN BELL TELEPHONE COMPANY'S
MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Federal Rule 12(b)(6), Defendant Southwestern Bell Telephone Company (incorrectly identified as either AT&T[1] or AT&T Services Inc.) hereby moves, to dismiss Plaintiff's Complaint and states the following in support:

**I.  OVERVIEW OF THE MOTION**

To the extent Plaintiff pleads claims against Defendant AT&T Services, Inc., such claims must be dismissed and Defendant Southwestern Bell Telephone Company should be substituted as it was Plaintiff's employer.  To the extent Plaintiff pleads claims under the Missouri Human Rights Act ("MHRA"), those claims should be dismissed because she failed to file this lawsuit within two years of the date the alleged cause occurred. Moreover, to the extent she pleads claims under the Family and Medical Leave Act ("FMLA"), those claims should be dismissed because she failed to file this lawsuit within two years of the date the alleged cause occurred and, further, failed to plead any allegations suggesting Defendant's conduct was willful, a necessary

---

[1] No entity named "AT&T" exists nor has Plaintiff served any such entity.

requirement to avail herself of the Act's three-year statute of limitations. As such, only her claims of sexual harassment and retaliatory discharge are timely.

## II. PLAINTIFF'S COMPLAINT

Defendant terminated Plaintiff's employment on November 25, 2009. Plaintiff admits this occurrence date in the Charge of Discrimination she filed with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights ("MCHR"), stating: "On November 24, 2009, I had a hearing and was terminated on November 25, 2009. *See* Charge of Discrimination, attached hereto as Exhibit A. Her allegation in paragraph five notwithstanding,[2] there can be no dispute the last date on which any alleged discrimination occurred is November 25, 2009.

Plaintiff filed her Charge of Discrimination on February 8, 2010. *See* Ex. A. The EEOC issued her a Notice of Right to Sue on February 29, 2012 and the MCHR issued her a Notice of Right to Sue on April 10, 2012. Plaintiff filed this lawsuit on May 30, 2012. The vast majority of the allegations in Plaintiff's complaint concern her claim that she was subjected to sexual harassment and then retaliated against because she protested that harassment:

1. In paragraph 10 of her Complaint, she states that the "conduct complained of in this lawsuit involves: "termination of my employment, retaliation and harassment."

2. She clarifies in paragraph 11 that "this conduct" was the very same conduct she complained of in her Charge of Discrimination.[3]

---

[2] Paragraph 5 of the Complaint inexplicably states that the discrimination occurred "… through May 29, 2012."

[3] Significantly, she alleged only sex, disability and race discrimination in her charge (adding retaliation as a result of her protests against that alleged discrimination). She makes no FMLA

3. The rest of paragraph 11 concerns exclusively her allegations that her manager allegedly flirted with her and made inappropriate sexual innuendos, and that she filed an internal EEO complaint regarding that conduct. She makes only a passing reference to the FMLA – without offering the slightest suggestion that her rights under the Act were violated - when she states that "upon returning from FMLA, I was advised in a training class by Kraig Stiles [sic] direct supervisor Emily Leavy to "shut up, I'm making her head hurt."

4. In paragraph 12, upon prompting from the form complaint to "state … the essential facts of your claim," Plaintiff describes the retaliation she alleges she suffered as a result of protesting the alleged discrimination.

   a. She complains of being placed on Decision Making Leave ("DML") for something everyone else did as well.

   b. She complains of Kraig Stiles allegedly treating her differently than other employees.

   c. She complains of the manner in which Kraig Stiles allegedly managed her performance issues.

   d. She describes complaining of this conduct to EEO.

   e. She describes her alleged requests to be removed from Kraig Stiles' team and the company's response.

   f. She describes informing Kraig Stiles, Sharon Hyche and George Long that she had reported her discrimination complaints to EEO.

---

allegations at all.  *See* Ex. A, paras. I – III.  Notably, she failed to identify any disability in her charge and has apparently abandoned that claim here.

    g. She describes Defendant allegedly terminating her employment because a manager "claimed to have seen me selling jewelry at another employee's desk violating the CODE OF BUSINESS CONDUCT."

6. Finally, at paragraph 14, upon the Complaint form's prompt to provide "Additional Information," Plaintiff states (again inexplicably): "I believe I was targeted because I used FMLA frequently for my illness," adding that the "DML only occurred after I return [sic] to work from being out ill for a couple of days."

## II.   LEGAL ARGUMENT

Defendant may move for dismissal based solely upon the pleadings if those pleadings fail to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The Court must accept as true all well-pleaded allegations in the Complaint and all reasonable inferences in favor of Plaintiff. *Conley v. Gibson*, 335 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1988). Dismissal is appropriate, however, when "[i]t is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Hinshon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). Thus, the Court must grant a motion to dismiss if, assuming all facts alleged to be true, it appears beyond a doubt that Plaintiff can prove no facts that would entitle her to relief. *Howard v. Coventry Health Care*, 293 F.3d 422, 444 (8th Cir. 2002); *Goss v. City of Little Rock*, 90 F.3d 306, 308 (8th Cir. 1996).

    **A.   AT&T Does Not Exist and Defendant AT&T Services, Inc. Did Not Employ Plaintiff. Therefore, They Must Be Dismissed. Southwestern Bell Telephone Company is the Proper Defendant as it Employed Plaintiff.**

AT&T does not exist; nor has it been served. AT&T Services, Inc. did not employ Plaintiff. Rather, Plaintiff was employed by Southwestern Bell Telephone Company. As such,

Defendant Southwestern Bell Telephone Company has voluntarily entered as a Defendant in this case and asks that it be substituted for Defendant AT&T Services, Inc., and further requests that AT&T (an entity not in existence) and AT&T Services, Inc., be dismissed.

### B. **Plaintiff's MHRA Claims Must Be Dismissed Because She Failed to File This Lawsuit Within Two Years of the Alleged Occurrence.**

Any court action under § 213.111 of the MHRA "shall be filed within 90 days from the date of the [Missouri Human Rights Commission's Right to Sue Letter] but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." *Id.* Furthermore, the MHRA's statute of limitations is to be strictly construed. *Swartzbaugh v. State Farm Ins. Cos.,* 924 F. Supp. 932, 934 (E.D. Mo. 1995) (citing *Hill v. John Chezik Imps.*, 797 S.W.2d 528, 530 (Mo. App. E.D. 1990)).

Here, Plaintiff filed this lawsuit, making claims under the MHRA, more than two-and-a-half years after Defendant terminated her employment. Her MHRA claims therefore must be dismissed.

### C. **Plaintiff's FMLA Claim Must Be Dismissed Because She Failed to File This Lawsuit Within the FMLA's Applicable Statute of Limitations.**

The FMLA requires a plaintiff to file suit "not later than 2 years after the date of the last event constituting the alleged violation", with the exception that actions for willful violations of the Act may be brought within 3 years of the alleged violation. 29 U.S.C. §§ 2617(c)(1) and (2). *See also* 29 C.F.R. § 825.400(b). Plaintiff's cause of action for Defendant's alleged violation of the FMLA arose on November 25, 2009, her date of termination. However, Plaintiff did not file his lawsuit until May 30, 2012. She missed the 2 year deadline for filing his FMLA cause of action, and it is, therefore, barred.

#### 1. **Plaintiff Has Not Alleged That Defendant Willfully Violated the FMLA.**

5

In order to proceed with her FMLA claim by taking advantage of the extended statute of limitations period, Plaintiff must establish that Defendant willfully violated the Act. The FMLA does not define the term "willful"; however, the U. S. Supreme Court has articulated the standard for determining willfulness under analogous statutes, including the Age Discrimination in Employment Act and the Fair Labor Standards Act. *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985); *McLaughlin, v. Richland Shoe Co.,* 486 U.S. 128 (1988). To prove a willful violation of the FMLA, a plaintiff must show that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. *Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27 (1st Cir. 2003) (citing *McGlaughlin*, 486 U.S. at 133; *Settle v. S.W. Rodgers Co*, No. 98-23121999 U.S. App. Lexis 15745, at *9 (4th Cir. 1999). In citing to the Supreme Court's standard, the court rejected a line of cases that suggested that all a plaintiff had to do was to prove that the FMLA was "in the picture." *Id*. *Settle*, 1999 U.S. App. LEXIS 15745, *9, *citing McLaughlin,* 486 U.S. at 133.

In *McLaughlin*, the Supreme Court explained the type of conduct that is to be considered "willful" as follows:

> The fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations. . . . .
>
> In common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional," . . .  The word "willful" is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent.
> . . .
>
> Our decision today should clarify this point:  If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful . . . under the standard we set forth.  If an employer acts unreasonably, but not recklessly, in

6

Case: 4:12-cv-00978-AGF   Doc. #:  16   Filed: 08/17/12   Page: 7 of 8 PageID #: 64

determining its legal obligation, then, . . . it should not be so considered [willful] under . . . the standard we approve today.

486 U.S. at 132-33, 135 n. 13.

Evidence that an employer simply acted negligently is not sufficient to establish a willful violation of the FMLA.  *See McLaughlin, supra*; *Settle, supra*; and *Troutt v. Stavola Brothers, Inc.,* 905 F. Supp. 295 (M.D.N.C. 1995), *aff'd* 107 F.3d 1104 (4th Cir. 1997).  Likewise, there cannot be a finding of willfulness where there is no evidence that the employer knew its policy violated the FMLA or acted with reckless disregard. *See TransWorld Airlines, supra; Edwards v. Ford Motor Co.,* 179 F. Supp.2d 714, 719 (W.D. Ky. 2001).  Nor is a willful violation established where the employer acted in good faith, since good faith is necessarily inconsistent with knowing or reckless disregard.  *See Burgess v. Catawba County,* 805 F. Supp. 341, 351 (W.D.N.C. 1992).

**2.     Plaintiff's Allegations Do Not Support an FMLA Claim, let alone one founded on alleged "willful" conduct.**

Plaintiff's single, conclusory statement – that she believes she "was targeted because I used FMLA frequently for my illness" – is hardly enough to allege an FMLA violation.  Regardless, it certainly is insufficient to support an allegation of willful conduct.  In short, Plaintiff has done nothing more than allege that the FMLA was "in the picture."  That is not enough to make an FMLA retaliation claim and her claim, therefore, should be dismissed.

**WHEREFORE,** for all the reasons above, Defendant Southwestern Bell Telephone Company requests the Court dismiss AT&T (a non-entity) and Defendant AT&T Services, Inc. (an entity that did not employ Plaintiff) as well as dismiss Plaintiff's MHRA and FMLA claims with prejudice, and award Defendant its attorney's fees and costs, and for any further relief the Court deems just and proper.


determining its legal obligation, then, . . . it should not be so considered [willful] under . . . the standard we approve today.

486 U.S. at 132-33, 135 n. 13.

Evidence that an employer simply acted negligently is not sufficient to establish a willful violation of the FMLA.  *See McLaughlin, supra*; *Settle, supra*; and *Troutt v. Stavola Brothers, Inc.,* 905 F. Supp. 295 (M.D.N.C. 1995), *aff'd* 107 F.3d 1104 (4th Cir. 1997).  Likewise, there cannot be a finding of willfulness where there is no evidence that the employer knew its policy violated the FMLA or acted with reckless disregard. *See TransWorld Airlines, supra; Edwards v. Ford Motor Co.,* 179 F. Supp.2d 714, 719 (W.D. Ky. 2001).  Nor is a willful violation established where the employer acted in good faith, since good faith is necessarily inconsistent with knowing or reckless disregard.  *See Burgess v. Catawba County,* 805 F. Supp. 341, 351 (W.D.N.C. 1992).

**2.     Plaintiff's Allegations Do Not Support an FMLA Claim, let alone one founded on alleged "willful" conduct.**

Plaintiff's single, conclusory statement – that she believes she "was targeted because I used FMLA frequently for my illness" – is hardly enough to allege an FMLA violation.  Regardless, it certainly is insufficient to support an allegation of willful conduct.  In short, Plaintiff has done nothing more than allege that the FMLA was "in the picture."  That is not enough to make an FMLA retaliation claim and her claim, therefore, should be dismissed.

**WHEREFORE,** for all the reasons above, Defendant Southwestern Bell Telephone Company requests the Court dismiss AT&T (a non-entity) and Defendant AT&T Services, Inc. (an entity that did not employ Plaintiff) as well as dismiss Plaintiff's MHRA and FMLA claims with prejudice, and award Defendant its attorney's fees and costs, and for any further relief the Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

　　　　/s/ Thomas Scott Stewart　　　　
R. Lance Witcher, # 45940
Thomas Scott Stewart, # 44297
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
(314) 802-3935
(314) 802-3936 (FAX)
lance.witcher@ogletreedeakins.com
thomas.stewart@ogletreedeakins.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies the foregoing was filed electronically on this 17th day of August 2012, and served by U.S. First Class Mail, addressed to:

　　Alphea Marecia Halilovic
　　412 Morgan Woods Drive
　　Fenton, MO 63026

　　　　/s/ Thomas Scott Stewart