UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALPHEA MARECIA HALILOVIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV000978 AGF |
| ) | |
| SOUTHWESTERN BELL TELEPHONE ) | |
| CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on Defendant Southwestern Bell Telephone Co.'s motion to dismiss certain claims in Plaintiff Alphea Marecia Halilovic's amended complaint. For the reasons set forth below, the motion shall be granted in part and denied in part.

## BACKGROUND

Plaintiff, a black American of Jamaican descent, filed her two-count amended complaint under the Family Medical leave Act ("FMLA"), and Title VII of the Civil Rights Act of 1964, as amended, respectively. She alleges that she was employed by Defendant in July 2004 as a service representative and terminated on November 25, 2009. In Count I she alleges that in 2008 she needed time off from work for a serious health condition and was granted leave under the FMLA, including intermittent leave. She alleges that when she returned from FMLA leave on July 30, 2009, she was initially offered the choice to either resign or be terminated, and that she was terminated "less than ten (10) days after she returned from FMLA leave." She further alleges that

Defendant "knew or showed reckless disregard that its conduct was prohibited by" the FMLA and that Defendant's interference with her rights under the Act was "in willful violation of the FMLA."

In Count II Plaintiff alleges that while in Defendant's employ, she was subjected to racial discrimination by her supervisor, Nicholas Sardinas, which prevented her advancement in her employment with Defendant. She alleges that in early 2008, Sardinas circulated an email to Plaintiff and her co-workers with disparaging remarks concerning Plaintiff's race, referring to her as a "Monkey." This racial slur caused Plaintiff severe emotional distress.

She also alleges that she was subjected to sexual harassment, namely, unwanted sexual comments, from her supervisor, Kraig Stiles. She reported the sexual advances to Defendant's Equal Employment Office on April 13, 2009, but was not removed from his team until July 2009. In August 2009, she was informed, in Stiles' presence, that she was being suspended for selling homemade jewelry to a co-worker on company time, an assertion that the co-worker disputes. On November 29, 2009, Plaintiff was terminated for the purported reasons of poor performance and for selling jewelry on company time. Plaintiff claims that these reasons were mere pretext and that, in fact, she was terminated in retaliation for her sexual harassment complaints, and in retaliation for taking medical leave under the FMLA, and that she was harassed and terminated because of her sex and race.

On February 8, 2012, Plaintiff filed an administrative charge, part of which has been submitted by Defendant as an exhibit to its motion to dismiss. In the charge,

Plaintiff checked boxes for discrimination based on sex, disability, and retaliation. The facts she relayed in the charge are not quite consistent with those alleged in her complaint. In the charge she asserted as follows: Plaintiff came under Stiles' supervision in December 2008. In January 2009, she told him that she wanted his sexual comments to her to stop. She went on short term disability immediately thereafter and returned to work on March 16, 2009, on a part-time basis. On April 13, 2009, she filed an internal harassment complaint due to Stiles' conduct and no action was taken. On July 10, 2009, she was given a poor performance evaluation; on July 31, 2009, she was told that she had exhausted all her FMLA rights and should resign or take a leave of absence; on August 11, 2009, she was told that she was being suspended for violating company policy by selling her jewelry to a co-worker; on November 24, 2009, she had a hearing and was told she was being suspended for poor performance and for selling her jewelry on company time; and on November 25, 2009, she was terminated. (Doc. No. 22-1.) Defendant acknowledges that in paragraph III of the charge, Plaintiff references her belief that she was "discriminated against because of [her] race." (Doc. No. 22 at 10.)[1]

On February 28, 2012, the Equal Employment Opportunity Commission ("EEOC") issued a notice of right to sue. The present action was initiated by Plaintiff pro se on May 23, 2012. The amended complaint was filed with the assistance of retained counsel.

---

[1] Defendant did not provide to the Court this part of Plaintiff's charge.

Defendant argues that Plaintiff's FMLA retaliation claim should be dismissed under the applicable two-year statute of limitations, because Plaintiff's allegations are insufficient to invoke the three-year limitations period for willful violations of the Act. Defendant argues that Plaintiff's Title VII racial harassment claim based on the circulation of an email in early 2008 should be dismissed for failure to file an administrative charge with respect to that claim within 300 days of the occurrence, and further, that Plaintiff failed to include the occurrence in her administrative charge of February 8, 2010.

Lastly, Defendant maintains that to the extent the amended complaint is read to include a claim of wrongful termination based on race, such a claim should be dismissed for failure to allege sufficient facts to support it. Plaintiff has not filed a response to Defendant's motion to dismiss.

## **DISCUSSION**

To withstand a motion to dismiss, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[C]onclusory statements" and "naked assertion[s] devoid of further factual enhancement" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Courts must accept a plaintiff's factual allegations as true but need not accept a plaintiff's legal conclusions. *Id.*; *Retro Television Network, Inc. v. Luken Comm'cns, LLC*, ___ F.3d ___, 2012 WL 4899683, at *2 (8th Cir. Oct. 17, 2012).

Here, Plaintiff's allegations that Defendant knew or showed reckless disregard that its conduct was prohibited by [the FMLA], and that her termination "was a willful violation of the FMLA" are sufficient, at this stage in the case, to invoke the three-year statute of limitations of 29 U.S.C. § 2617(c)(2) for lawsuits alleging a willful violation of the Act.

The Court agrees with Defendant that Plaintiff's racial harassment claim is subject to dismissal for her failure to exhaust her administrative remedies by not filing a charge of discrimination within 300 days of the alleged racial slur, as required by 42 U.S.C. § 2000e-5(e)(1).[2] Although this time limit is subject to the doctrines of waiver, estoppel, and tolling, here Plaintiff has presented no basis for application of any of those doctrines. Nor did she allege any act of racial harassment within the 300-day period to establish a continuing violation. '[D]iscrete acts that fall within the statutory time period do not make timely acts that fall outside the time period," and the act of termination does not count as part of a "continuing violation" of harassment. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112, 114 (2002). Thus, the claim of racial harassment based upon Sardinas's alleged racial slur in early 2008 shall be dismissed.

---

[2] The 300-day period applies, as opposed to a-180 day period because Plaintiff's charge was filed with the Missouri Commission on Human Rights. *See* 42 U.S.C. § 2000e-5(e)(1).

The Court does believe that the amended complaint asserts a claim of illegal termination based on race, and although the factual allegations in support of this claim are sparse, the Court is not inclined to dismiss the claim at this stage of the case.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED** with respect to Plaintiff's racial harassment claim, and **DENIED** in all other respects. (Doc. No. 22.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2012.